

Michael Cardello III
Partner
Email: mcardello@moritthock.com

August 2, 2017

**VIA ECF**
The Honorable Leonard D. Wexler
United States District Court Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    **Infosys Limited v. Infosys International Inc.**
                **Civil Action No. 2:17-cv-02408-LDW-GRB**
                **Request for Pre-Motion Conference**

Dear Judge Wexler:

      Pursuant to Your Honor's Individual Motion Practice and Rules, Plaintiff Infosys Limited ("Plaintiff") writes to request a pre-motion conference in advance of moving to dismiss the counterclaims of Defendant Infosys International Inc. ("Defendant"). The basis for Plaintiff's anticipated motion is set forth below.

**I.    Declaratory Judgment Counterclaims I-IV Are Redundant of Defendant's Denials and Affirmative Defenses**

      Defendant's Counterclaims I-IV should be dismissed because they simply consist of Defendant's denials and affirmative defenses.

      Defendant's first counterclaim seeks a declaratory judgment of non-infringement and unfair competition, which is duplicative of Defendant's denial of Plaintiff's trademark infringement claim and Defendant's tenth affirmative defense of non-infringement. Likewise, Defendant's second counterclaim seeks a declaratory judgment that Defendant has not violated New York's Deceptive Trade Practices and False Advertising Statutes. Such counterclaim merely repackages Defendant's denials of Plaintiff's third and fourth causes of action, creating no independent case or controversy. Similarly, Defendant's third and fourth counterclaims seek declaratory judgments that Plaintiff's claims are barred by laches, acquiescence, and estoppel, but these counterclaims are redundant of Defendant's second, third and fourth affirmative defenses.

      Federal Rule of Civil Procedure Rule 12(f) provides that "the court may strike from a pleading . . . any redundant . . . matter." Fed. R. Civ. P. 12(f). When a counterclaim is merely a "mirror image" of a plaintiff's claim or an affirmative defense, this Court has found that dismissal is appropriate. *Maverick Recording Co. v. Chowdhury*, 2008 U.S. Dist. LEXIS 63783, *3 (E.D.N.Y. Aug. 19, 2008)



**Moritt Hock & Hamroff** LLP
ATTORNEYS AT LAW

The Honorable Leonard D. Wexler
United States District Court Judge
August 2, 2017
Page 2

(E.D.N.Y. Aug. 19, 2008) ("The central issue in these cases is whether the defendants committed copyright infringement, and the defendants' counterclaim seeking a declaratory judgment that they did not is duplicative and entirely redundant. In similar cases in different jurisdictions, courts have dismissed counterclaims seeking a declaration of non-infringement."); *see also Arista Records, LLC v. Usenet.com., Inc.*, No. 07 Civ. 882(HB), 2008 U.S. Dist. LEXIS 95514, *7-15 (S.D.N.Y. Nov. 24, 2008) (dismissal appropriate when counterclaim only sought declaration of non-infringement in response to claim of copyright infringement); *Worldwide Home Prods., Inc. v. Bed Bath and Beyond, Inc.*, No. 11 Civ. 03633(LTS)(MHD), 2013 U.S. Dist. LEXIS *7-8 (S.D.N.Y. Jan. 22, 2013) ("Defendants' First Counterclaim, which seeks a declaration of non-infringement, is nothing more than its First Affirmative Defense repackaged and is a mirror image of Plaintiff's claim. A dismissal of Plaintiff's infringement action would necessarily resolve it. Therefore, the First Counterclaim is struck as redundant.").

A counterclaim qualifies as a "mirror image" when no independent case or controversy would survive if the plaintiff's claim were dismissed. Here, Defendant fails to allege any independent case or controversy that would survive should Plaintiff's claims be dismissed. Rather, the counterclaims merely repeat Defendant's denials and affirmative defenses. Permitting these counterclaims serves no useful purpose as each issue covered by Defendant's counterclaims will be fully adjudicated and moot once the court renders a decision on Plaintiff's claims. Numerous courts have dismissed counterclaims under similar circumstances. *See, e.g., Pettrey v. Enter. Title Agency, Inc.*, No. 1:05-cv-1504, 2006 U.S. Dist. LEXIS 83957 *9 (N.D. Ohio Nov. 17, 2006) ("courts should dismiss or strike a redundant counterclaim when it is clear that there is a complete identity of factual and legal issues between the complaint and counterclaim.") (internal quotations omitted); *Lincoln Nat'l Corp. v. Steadfast Ins. Co.*, No. 1:06-CV-00058, 2006 U.S. Dist. LEXIS 38535, *5 (N.D. Ind. June 9, 2006) ("Indeed, repetitious and unnecessary pleadings, such as a counterclaim that merely restates an affirmative defense, or which seeks the opposite effect of the complaint, should be stricken regardless of whether prejudice has been shown."); *Berger v. Seyfarth Shaw, LLP*, No. C 07-05279 JSW, 2008 U.S. Dist. LEXIS 93496, *6 (N.D. Cal. June 17, 2008) (granting motion to dismiss counterclaims for declaration of patent non-infringement when "Defendants have failed to identify any declaration that the Court could issue after a finding of no liability on Plaintiff's claims that would serve any useful purpose.") (internal quotations omitted).

**II.     Declaratory Judgment Counterclaim V Should Also Be Dismissed
         on Grounds of Redundancy**

Defendant's fifth counterclaim contains two parts. First, Defendant seeks a declaratory judgment that it has superior common law rights in "at least Nassau County and Suffolk County" and that it has the right to continue using the INFOSYS mark in connection with business and information technology consulting services in this territory. Second, Defendant seeks a declaratory judgment that Plaintiff's federal trademark registrations for the INFOSYS mark be limited to exclude these geographic areas.



The Honorable Leonard D. Wexler
United States District Court Judge
August 2, 2017
Page 3


      With respect to the first part of the counterclaim, an assertion of superior common law rights is a *defense* to a claim of trademark infringement, not an affirmative claim. See *Uncommon, LLC v. Spigen, Inc.*, 2016 U.S. Dist. LEXIS 97530, *14 (N.D. Ill. July 26, 2016) (citing cases) ("Although concurrent use in a geographic area may be a defense to an infringement claim, these allegations do not give rise to an affirmative claim. In fact, Spigen seeks no affirmative relief here, but seeks the denial of relief (or a limitation on any relief awarded) to Uncommon. As such, these allegations constitute a defense, not a counterclaim"). In *Uncommon*, the court dismissed the counterclaim because the defendant had already pled concurrent use as a defense. *Id.* ("Spigen has already pled concurrent use as a defense to Uncommon's claims, which is appropriate under the Lanham Act, see 15 U.S.C. § 1115(b). Thus, its claim seeking a declaratory judgment action is redundant and is, therefore, dismissed.") (citing cases).

      As in *Uncommon*, Defendant, here, has pled that it has superior common law rights in its eleventh affirmative defense. As such, Defendant will have a full opportunity to establish the extent of those alleged rights at trial and argue that any injunctive relief granted to Plaintiff be limited based on those rights. The portion of the fifth counterclaim seeking a declaratory judgment on this issue is therefore redundant of Defendant's affirmative defense and should be dismissed.

      With respect to the second portion of the fifth counterclaim seeking a declaratory judgment that Plaintiff's trademark registrations be limited to exclude certain geographic areas, such request for a concurrent use registration is more appropriately brought before U.S. Patent and Trademark Office. *Dalton Enterprises, Inc. v. Copeland Coating Co.*, 1991 U.S. Dist. LEXIS 8552, *40-41 (N.D.N.Y. June 18, 1991) ("[T]he Commissioner of the PTO has the authority to issue a concurrent registration . . . . It is not clear whether the court has, and the defendants do not provide the court with authority for, the power to direct a concurrent registration. The motion for leave to amend is denied without prejudice.").

      Plaintiff respectfully requests a pre-motion conference and briefing schedule so Plaintiff can address the above issues more fully in its motion to dismiss. We appreciate Your Honor's consideration and remain available to discuss and address any questions the Court may have with regard to this matter.

                                    Respectfully submitted,

                                      /s/ Michael Cardello III

                                      Michael Cardello III

cc:      Glenn T. Henneberger, Esq.,
           *Counsel to Defendant* (*via email*)